**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John W. Gebo

    v.                                 Civil No. 11-cv-047-JD

Robert Thyng

# O R D E R

Before the court is John Gebo's motion for appointment of counsel (doc. no. 10).  The motion is conditionally granted, as explained herein.

## Background

John Gebo is an inmate at the New Hampshire State Prison. Gebo alleges that in September 2005, he was assaulted by another inmate, a "known gang member."  Gebo claims that he requested protective custody status as he believed he was in danger in general population.  Gebo further claims that he was denied constitutionally adequate protection from harm by his unit manager, Robert Thyng, who, knowing of the risk to Gebo's safety, placed Gebo in general population rather than in a protective housing situation.  As a result, Gebo states that he was again assaulted by a "known gang member" who threw boiling water on him two days later.

Gebo asserts that he is unable to represent himself in this action due to debilitating mental health issues and diagnoses. Gebo further states that he is unable to afford to retain an attorney.

## Discussion

While there is no absolute constitutional right to free representation in a civil case, DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991) (citing Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988)), counsel's appointment may be required as a matter of due process if an indigent plaintiff demonstrates that there are "exceptional circumstances," such that a "denial of counsel [is] likely to result in fundamental unfairness." DesRosiers, 949 F.2d at 24.  To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  Id.

This court always has statutory authority, in its discretion, to request that counsel represent an indigent plaintiff.  28 U.S.C. § 1915(e)(1).  No funds are generally available, however, to pay counsel's fees or costs in such

2

circumstances.  See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL
500827, *1 (D. Me. Feb. 8, 2010).

     At this point, the court concludes that appointment of
counsel is appropriate, given both the serious nature of the
allegations and Gebo's asserted mental illness.  Therefore, in
an exercise of its discretion, the court grants the motion (doc.
no. 10) for appointment of counsel, on the condition that
suitable counsel may be identified and is available and willing
to take this matter on a pro bono basis.

     The clerk's office shall contact suitable counsel, selected
from the list of attorneys registered to file documents
electronically in this court, and request that counsel represent
Gebo in this matter.  Counsel shall be notified that s/he may
decline the requested appointment and that the appointment is
pro bono.  Further, upon request of counsel, the clerk's office
is authorized to forward to counsel a copy of the pleadings and
other documents in this case.  Counsel, upon request, may have
fourteen days to review the documents in the case and, if s/he
wishes, to visit and speak with Mr. Gebo at the prison before
making a decision whether to accept an appointment in this
matter.

If the court is unable to secure counsel willing to represent Gebo pro bono in this matter by August 31, 2011, Gebo shall receive prompt notice thereof.  To accommodate the time needed to attempt to secure counsel, the court has extended the deadline for Gebo to object to the Report and Recommendation issued this date until September 15, 2011.

### Conclusion

For the foregoing reasons, the motion for appointment of counsel (doc. no. 10) is GRANTED, conditioned on the availability and willingness of suitable counsel to represent Gebo on a pro bono basis.

The clerk shall notify Gebo by August 31, 2011, whether suitable representation has been secured.  The deadline for Gebo to file a response to the Report and Recommendation issued this date shall be extended until September 15, 2011.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  August 2, 2011

cc:  John W. Gebo, pro se

LBM:jba

4