UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John W. Gebo

    v.                                    Civil No. 11-cv-47-JD

Robert Thyng, Unit Manager,
Northern New Hampshire
Correctional Facility

O R D E R

John W. Gebo brings an Eighth Amendment claim under 42 U.S.C. § 1983 against Robert Thyng, Unit Manager, Northern New Hampshire Correctional Facility, alleging that Thyng failed to protect Gebo from attacks by other inmates.[1]  Thyng moves to dismiss the complaint on the ground that Gebo failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a).

Discussion

Thyng filed a motion to dismiss, presumably under Federal Rule of Civil Procedure 12(b)(6), which is decided based on the allegations in the complaint.  See Eldredge v. Town of Falmouth,

---

[1] Gebo filed suit pro se and in forma pauperis.  His complaint was reviewed under 28 U.S.C. § 1915A and limited to the Eighth Amendment claim.  Gebo is now represented by counsel, who filed an amended complaint on Gebo's behalf.

662 F.3d 100, 104 (1st Cir. 2011). Because exhaustion under § 1997e(a) is an affirmative defense, the defendant bears the burden of showing that the plaintiff failed to exhaust, and the plaintiff is not required to plead facts pertinent to exhaustion. Cruz Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). Therefore, an exhaustion defense cannot be decided based on the plaintiff's failure to allege facts sufficient to show exhaustion. See Cruz Berrios, 630 F.3d at 11.

In support of his motion to dismiss, Thyng filed materials extrinsic to the complaint, including affidavits and other evidence. Thyng has not addressed the discrepancy between the form of his motion and the materials he submitted or shown that the materials could be considered for purposes of a motion to dismiss. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). "If, on a motion [to dismiss under Rule 12(b)(6)], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Therefore, exhaustion under § 1997a(e) must be addressed in this case through a motion for summary judgment. Thyng's motion

to dismiss could be converted to one for summary judgment with notice to the parties and an opportunity to file additional materials to meet the summary judgment standard.  To avoid confusion, however, Thyng's motion to dismiss will be denied without prejudice to allow him to file a properly supported motion for summary judgment under the requirements of Rule 56 and LR 7.1 and 7.2.  Gebo will then have the opportunity to file his response, in accord with Rule 56 and LR 7.1 and 7.2.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 25) is denied without prejudice.

The defendant is afforded the opportunity to file a properly supported motion for summary judgment **on or before January 31, 2012.**  The plaintiff will have thirty days from the date the motion is served to file a response as provided under LR 7.1(b).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 18, 2012

cc:  James Spencer Culp, Esquire
     Theodore M. Lothstein, Esquire
     Nancy J. Smith, Esquire